[759 NYS2d 82]

In the Matter of CARL MAZA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 17, 2003

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Robert A. Ungar, P.C.*, Garden City (*Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Carl Maza has submitted an affidavit dated November 21, 2002, in which he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The resignor acknowledges that he was personally served with a notice of petition and a petition which sets forth 10 charges of professional misconduct. The charges include the resignor's failure to preserve escrow funds entrusted to him as a fiduciary, conversion of escrow funds to his own use and benefit, failure to maintain required escrow records, commingling personal funds with client funds, and failure to cooperate with the petitioner. From approximately January 4, 1999, through September 30, 1999, the respondent, as attorney for mortgage lenders, was entrusted with client funds relating to several mortgage transactions. The client funds were to be held in escrow and disbursed in connection with specific loan closings.

The resignor acknowledges that he failed in his obligation to properly maintain and preserve at least $463,334.83 during the period those funds were entrusted to him, that he failed to withdraw earned fees of approximately $14,000 from the escrow account, that he retained for his own use and benefit $7,662.43 in interest generated on his escrow accounts, that he drew six checks totalling $88,100 against his escrow account in connection with a loan transaction in which he and a group of investors were the lenders and at a time when no funds relating to this personal transaction were on deposit in his escrow account, and that he failed to properly maintain required bank and bookkeeping records for his escrow accounts. Mr. Maza further concedes that from approximately October 27, 1999, to December 2001, he failed to cooperate with the legitimate inquiries of the petitioner.

The resignor acknowledges his inability to successfully defend himself on the merits of the disciplinary charges described herein. He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone.

The resignor has discussed his decision to resign with his attorney as well as with other persons whose advice and counsel he respects. He is fully aware of the implications of submitting

his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement as an attorney for a minimum period of seven years.

The resignation is submitted subject to any application which could be made by the petitioner to direct that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The petitioner recommends acceptance of Mr. Maza's resignation.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, the resignor, Carl Maza, is disbarred, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and TOWNES, JJ., concur.

Ordered that the resignation of Carl Maza is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl Maza is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Carl Maza shall promptly comply with the rules of this Court governing the conduct of disbarred, suspended, and resigned attorneys (*see* Rules of App Div, 2d Dept [22 NYCRR] § 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl Maza is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.